# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
### DIVISION

In re:                                              §
                                                    §
Angela M. Duffy                                     §          Case No. 12-11872
                                                    §
                        Debtor(s)                   §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter     of the United States Bankruptcy Code was filed on
    .   The undersigned trustee was appointed on                    .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                    $

                    Funds were disbursed in the following amounts:

                    Payments made under an interim
                    disbursement
                    Administrative expenses
                    Bank service fees
                    Other payments to creditors
                    Non-estate funds paid to 3rd Parties
                    Exemptions paid to the debtor
                    Other payments to the debtor

                    Leaving a balance on hand of[1]              $

The remaining funds are available for distribution.

_____

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                    and the deadline for filing governmental claims was                  . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $                . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $              , for a total compensation of $            [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $          , for total expenses of $            [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Joji Takada, Chapter 7 Trustee_____
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

_____

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Exhibit A

| Case No: | 12-11872 | BWB | Judge: | Bruce W. Black | | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|---|---|---|---|

Case Name:   Angela M. Duffy

For Period Ending:   07/21/2014

Date Filed (f) or Converted (c):   03/26/2012 (f)

341(a) Meeting Date:   04/23/2012

Claims Bar Date:   09/04/2012

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Est Net Value<br>(Value Determined<br>by Trustee, Less<br>Liens, Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered<br>(FA)/<br>Gross Value of<br>Remaining<br>Assets |
| 1. | Financial Accounts | 1,000.00 | 0.00 | | 0.00 | FA |
| 2. | Financial Accounts | 26.00 | 0.00 | | 0.00 | FA |
| 3. | Financial Accounts | 100.00 | 0.00 | | 0.00 | FA |
| 4. | Household Goods | 650.00 | 0.00 | | 0.00 | FA |
| 5. | Wearing Apparel | 500.00 | 0.00 | | 0.00 | FA |
| 6. | Vehicles | 750.00 | 0.00 | | 0.00 | FA |
| 7. | Vehicles | 750.00 | 0.00 | | 0.00 | FA |
| 8. | Vehicles | 3,500.00 | 0.00 | | 0.00 | FA |
| 9. | Inheritance - Real Estate - Florida (u) | 0.00 | Unknown | | 351,152.27 | FA |
| 10. | Inheritance Estate of Decedent Death Benefit<br>Plan Life Insur | 0.00 | 1,478.74 | | 1,478.74 | FA |
| INT. | Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)          $7,276.00          $1,478.74          $352,631.01          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Assigned case after Waller resigned; Waller filed asset report 6/12 re: Inheritance - Real Estate - Florida; Waller hired KC JONES and REALTY EXECUTIVE HOMES IN FLORIDA to sell 14700 Gulf Boulevard, Apartment 305, Madeira Beach, FL 33708; Awaiting response from IRS (if any) regarding tax returns.

Initial Projected Date of Final Report (TFR): 09/30/2013          Current Projected Date of Final Report (TFR): 09/30/2014

## FORM 2
### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Case No: 12-11872

Case Name: Angela M. Duffy

Trustee Name: Joji Takada, Chapter 7 Trustee

Bank Name: The Bank of New York Mellon

Account Number/CD#: XXXXXX7952

Checking

Taxpayer ID No: XX-XXX0035

For Period Ending: 07/21/2014

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/17/13 | | Title Security | Proceeds from sale | | $62,307.16 | | $62,307.16 |
| | | | Gross Receipts | $351,152.27 | | | |
| | | Charles Rutenberg Realty | Real estate broker commission payment | ($24,500.00) | 3510-000 | | |
| | | Thomas G. Tripp | Judgment creditor | ($10,500.00) | 4110-000 | | |
| | | Richard Franks | Credit to Buyer | ($241.51) | 2500-000 | | |
| | | County Taxes | Administrative Expense | ($2,186.43) | 2500-000 | | |
| | | Title, Transfer and Government Recording Charges | Administrative Expense | ($366.50) | 2500-000 | | |
| | | Patricia Janssen | Joint Owner | ($124,611.35) | 4110-002 | | |
| | | Cara Marco | Joint Owner | ($62,307.16) | 4110-002 | | |
| | | Kylie Wilhem Trust | Joint Owner | ($62,307.16) | 4110-002 | | |
| | | Owners Title Policy Credit | Credit to Buyer | ($1,825.00) | 2500-000 | | |
| | 9 | | Inheritance - Real Estate - Florida | $351,152.27 | 1110-000 | | |
| 06/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $32.86 | $62,274.30 |
| 07/08/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $89.58 | $62,184.72 |
| 08/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $92.46 | $62,092.26 |
| 09/09/13 | 10 | Estate of William Dettore | Non-exempt funds | 1129-000 | $1,478.74 | | $63,571.00 |
| 09/09/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $92.31 | $63,478.69 |
| 10/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $90.63 | $63,388.06 |
| 01/22/14 | 100001 | Alan Lasko and Associates PC 29 South LaSalle Street Suite 1240 Chicago, Illinois 60603 | Administrative Expense | 3410-000 | | $1,436.90 | $61,951.16 |

Page Subtotals: $63,785.90   $1,834.74

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Case No:  12-11872                                    Trustee Name:  Joji Takada, Chapter 7 Trustee
Case Name:  Angela M. Duffy                           Bank Name:  The Bank of New York Mellon
                                                      Account Number/CD#:  XXXXXX7952
                                                                           Checking
Taxpayer ID No:  XX-XXX0035                           Blanket Bond (per case limit):
For Period Ending:  07/21/2014                        Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 01/22/14 | 100002 | Alan Lasko and Associates PC<br>29 South LaSalle Street<br>Suite 1240<br>Chicago, Illinois 60603 | Administrative Expense | 3420-000 | | $12.45 | $61,938.71 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $63,785.90 | $1,847.19 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $63,785.90 | $1,847.19 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $63,785.90 | $1,847.19 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals:                                       $0.00            $12.45

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX7952 - Checking | $63,785.90 | $1,847.19 | $61,938.71 |
| | $63,785.90 | $1,847.19 | $61,938.71 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $288,845.11 |
| Total Net Deposits: | $63,785.90 |
| Total Gross Receipts: | $352,631.01 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-11872
Case Name: Angela M. Duffy
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand                                    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Trustee Expenses: Joji Takada | $ | $ | $ |
| Attorney for Trustee Fees: Frank Gecker LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Frank Gecker LLP | $ | $ | $ |
| Accountant for Trustee Fees: Alan Lasko and Associates PC | $ | $ | $ |
| Accountant for Trustee Expenses: Alan Lasko and Associates PC | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses        $_____

Remaining Balance                                    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Atlas Acquisitions Llc (Metris - Metris) | $ | $ | $ |
| 2 | Osf Saint Elizabeth Medical Ctr | $ | $ | $ |
| 3 | LVNV Funding, LLC its successors and assigns as assignee of | $ | $ | $ |
| 4 | Webbank-Fingerhut | $ | $ | $ |

Total to be paid to timely general unsecured creditors $_____

Remaining Balance $_____

Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 5 | First National Bank Of Ottawa | $ | $ | $ |
| 6 | Integrative Pain Medicine | $ | $ | $ |
| 7 | Rush Copley Medical Center, Inc. | $ | $ | $ |
| 8 | Il Dept Of Healthcare And Family Services/Mru | $ | $ | $ |

Total to be paid to tardy general unsecured creditors     $_____

Remaining Balance     $_____


Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE