# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 12-11872 |
| | ) | |
| ANGELA DUFFY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Bruce W. Black |
| | ) | (Joliet) |
| | ) | |
| | ) | **Hearing Date:** |
| | ) | **Hearing Time: 9:15 a.m.** |
| | ) | **Courtroom.: 2nd Floor** |

## COVER SHEET FOR FIRST AND FINAL FEE APPLICATION
## AND REIMBURSEMENT OF EXPENSES OF FRANKGECKER LLP

Name of Applicant: FrankGecker LLP

Authorized to Provide    Joji Takada, Chapter 7 Trustee of the Estate
Professional Services to: of ANGELA DUFFY

Period for Which         April 15, 2013 through July 9, 2013
Compensation is Sought:

Amount of Fees Sought:   $4,834

Amount of Expense        $19.02
Reimbursement Sought:

This is a:               First and Final Fee Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{TAKADA/015/00038907.DOC/}

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.: 12-11872 |
| | ) | Chapter 7 |
| ANGELA DUFFY, | ) | Honorable Bruce W. Black |
| | ) | (Joliet) |
| Debtor. | ) | |
| | ) | **Hearing Date:** |
| | ) | **Hearing Time:  9:15 a.m.** |
| | ) | **Courtroom:     Second Floor** |
| | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF JOJI TAKADA,
CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF
<u>ANGELA DUFFY</u>**

Joji Takada, not individually, but as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of ANGELA DUFFY (the "Debtor"), hereby submits his first and final application (the "Application") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling $4,834 for legal services performed by FrankGecker LLP, counsel to the Trustee, during the period of April 15, 2013 through and including July 9, 2013 (the "Application Period") and reimbursement of expenses totaling $19.02 incurred in connection with those services. FrankGecker has agreed to accept less than the amounts detailed. In support of its Application, FrankGecker LLP respectfully states as follows:

**<u>INTRODUCTION</u>**

1.     On March 26, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2.     Bradley J. Waller was the dully appointed and qualified Chapter 7 Trustee of the case.

3.  On January 4, 2013, Mr. Waller resigned and Joji Takada ("Trustee") was appointed and qualified as the successor Chapter 7 Trustee of the case.

4.  The Section 341 meeting of creditors was held on April 23, 2012 (the "341 Meeting"). On June 15, 2012, the Trustee filed an asset report.

5.  On April 18, 2013, this Court entered an order authorizing the Trustee to retain Zane L. Zielinski and the professionals of FrankGecker LLP (collectively, "FG") as his counsel in the Case retroactive to February 18, 2013.[1]

## THE REAL ESTATE

6.  One of the assets of this estate consists of real property located at 14700 Gulf Boulevard, Unit 305, Madeira Beach, Florida 33708 (the "Real Estate"). The Debtor had a 20% interest in the Real Estate.

7.  On or about April 26, 2013, this Court approved the sale of the Real Estate free and clear of any other claims and interest.

8.  The Trustee received approximately $60,000 from the sale of the Real Estate.

9.  This Application seeks allowance of all fees and expenses incurred by FG during the Application Period, and FG has voluntarily written off any fees for preparation of this fee application.

10. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

---

[1] Though the order allows retroactive to February 18, 2013, FG only commenced working on the April 15, 2013, which was after the Motion seeking employment was filed with this Court.

**I.     SERVICES PERFORMED**

**A.     Sale of Assets                                                                        $4,834.00**

FG spent **12.80** hours at a cost of **$4,834** on issues related to the sale of the Real Estate to the Buyers.  Due to the issues related to the Debtor obtaining an interest in the Real Estate through a probate estate, and other issues related to payments from the closing proceeds, FG needed to review matters related to the probate, title issues, and confirming with the title company the Trustee authority to sign the necessary paperwork.  As the representative for Security Title was not entirely familiar with the process, certain standard documents needed to be revised several times.

**B.     Preparation of Fee Application - Retention                              $0.00**

FG waived its time for preparation of its final fee application.

**II.    ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

A.     <u>Micah R. Krohn</u> (MRK) is senior counsel at F/G.  Mr. Krohn graduated from the Cardozo School of Law in 1992 and served as law clerk to the Hon. Erwin I. Katz.  Mr. Krohn has been involved in the day-to-day representation of the Trustee.

B.     <u>Zane L. Zielinski</u> (ZLZ) is an associate at FrankGecker LLP.  Prior to attending law school, Mr. Zielinski worked for Chicago Title and Trust Company.  Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif.  Mr. Zielinski specializes in bankruptcy law, real estate law, and has represented trustees, debtors and creditors in bankruptcy cases. Mr. Zielinski has been involved in the day-to-day representation of the Trustee.

**III.   CALCULATION OF TIME AND FEES**

This is the Trustee's first and final application for compensation and reimbursement of

fees and expenses incurred by FG during the Application Period. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtors' estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibits, FG's attorneys and paralegal have spent a total of 12.80 hours providing necessary legal services for the Trustee. As a result, they request compensation in the amount of $4,834for actual, necessary legal services performed (<u>Exhibit A</u>). The average hourly rate is $377.66. In addition, FG has expended the sum of $19.02 for actual, necessary expenses incurred in representing the Trustee (<u>Exhibit B</u>). FG has voluntarily written off all expenses related to <u>fax charges</u> and <u>copy charges</u>. Expenses consist primarily of postage and travel expenses.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FG on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared a time exhibit presented in the attached Exhibit A. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this Application for its overhead expenses, including word processing or secretarial overtime; instead, such expenses are factored into FG's normal and customary rate. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to F/G, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

## NOTICE

Pursuant to Federal Rule, Bankruptcy Procedure 2002, this Application was served on all creditors that have timely filed claims (without exhibits), the U.S. Trustee, and the Debtor's attorney.

WHEREFORE, FG respectfully requests that this Court enter an Order:

A.    Allowing FG compensation for actual, necessary legal services in the amount of **$4,834**

B.    Allowing FG reimbursement of actual, necessary expenses in the amount of **$19.09**;

C.    Authorizing the Trustee to pay FG compensation and expense reimbursement in the total amount of **$4853.09**; and

      D.      Granting such other relief as the Court deems just and equitable.

Dated: July 21, 2014                                     Respectfully submitted,

JOJI TAKADA, not individually, but as Chapter 7 Trustee of the bankruptcy estate of ANGELA DUFFY,

By:  /s/   *Zane L. Zielinski*
      One of his attorneys

Zane Zielinski (IL Bar No. 6278776)
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:     (312) 276-1400
Facsimile:      (312) 276-0035
zzielinski@fgllp.com

# **<u>EXHIBIT A</u>**

{TAKADA/015/00038907.DOC/}

FG FrankGecker    www.fgllp.com

June 08, 2014

Joji Takada, Chapter 7 Trustee                                          FEIN 20-1952153
TAKADA LAW OFFICE, LLC
6336 N. Cicero Ave.
Suite 201
Chicago, IL 60646

**Regarding:**     **In re: Estate of Angela Duffy; Case No. 12 B 11872**

For Professional Services Rendered:         through  6/8/2014
                                                                        Invoice #:   6279

Per Attached Description:

| | |
|---|---:|
| Fees............................................................................................................................ | $4,834.00 |
| Disbursements........................................................................................................... | $19.02 |
| Total Fees and Disbursements................................................................................ | $4,853.02 |
| Previous Balance........................................................................................................ | $0.00 |
| Payments.................................................................................................................... | $0.00 |
| **Total Amount Due....................................................................................................** | **$4,853.02** |

Joji Takada, Chapter 7 Trustee                                                                                               Page     2

Invoice Dated:   June 08, 2014

---

**Regarding:    In re: Estate of Angela Duffy; Case No. 12 B 11872**

For Professional Services Rendered Through June 08, 2014                        Invoice #:  6279
Per Attached Description:

|  |  | Hours | Amount |
|---|---|---:|---:|
|  | Sale of Assets |  |  |
| 4/15/2013 | Communicate with broker regarding sale.<br>Zane L. Zielinski | 0.20<br>$365.00 | $73.00 |
| 4/16/2013 | Review sale documents.<br>Micah R. Krohn | 0.50<br>$425.00 | $212.50 |
| 4/17/2013 | Telephone conference with J. Takada regarding sale of real estate (.2); review sale documents (.5).<br>Zane L. Zielinski | 0.70<br>$365.00 | $255.50 |
| 4/17/2013 | Draft Motion to Sell Real Estate Free and Clear of Liens, Claims and Encumbrances.<br>Micah R. Krohn | 2.20<br>$425.00 | $935.00 |
| 4/19/2013 | Review probate files related to status of transfer of real estate (.5); research Illinois law regarding probate lien (1.3); revise motion and order for filing (.2).<br>Zane L. Zielinski | 2.00<br>$365.00 | $730.00 |
| 4/29/2013 | Telephone conference with Debtor regarding status of case (.2); confer with J. Takada regarding same (.1); communicate with broker regarding sale status (.1).<br>Zane L. Zielinski | 0.40<br>$365.00 | $146.00 |
| 4/30/2013 | Review title work and related documents to document sale (.8); telephone conference with title company regarding steps for closing real estate deal (.3).<br>Zane L. Zielinski | 1.10<br>$365.00 | $401.50 |
| 5/6/2013 | Review closing requirement documents, and communicate with title company (.3); telephone conference with Debtor (.1).<br>Zane L. Zielinski | 0.40<br>$365.00 | $146.00 |
| 5/7/2013 | Draft warranty deed for sale of Trustee's interest in real estate (.8); communicate with title company regarding same (.2).<br>Zane L. Zielinski | 1.00<br>$365.00 | $365.00 |
| 5/8/2013 | Review closing documents, closing HUD, and related documents for signature by J. Takada (1.3); meet with J. Takada for signature of documents and review closing details (.7).<br>Zane L. Zielinski | 2.00<br>$365.00 | $730.00 |

Joji Takada, Chapter 7 Trustee                                                                                    Page    3

Invoice Dated:   June 08, 2014

---

**Regarding:    In re: Estate of Angela Duffy; Case No. 12 B 11872**

For Professional Services Rendered Through June 08, 2014                    Invoice #:   6279
Per Attached Description:

|  |  | Hours | Amount |
|---|---|---:|---:|
| 5/9/2013 | Review and prepare final closing documents and review closing numbers.<br>Zane L. Zielinski | 1.00<br>$365.00 | $365.00 |
| 5/10/2013 | Telephone conference with Trustee regarding holdback and tax issues from closing (.3); telephone conference with title examiner regarding closing issues (.3); prepare and forward necessary documents and information, directions to conclude closing and payout of proceeds (.5).<br>Zane L. Zielinski | 1.10<br>$365.00 | $401.50 |
| 7/9/2013 | Prepare sale memorandum to A. Lasko related to closing documents.<br>Zane L. Zielinski | 0.20<br>$365.00 | $73.00 |
|  | Total Charges This Matter | 12.80 | $4,834.00 |

Joji Takada, Chapter 7 Trustee                                                                           Page    4

Invoice Dated:   June 08, 2014

---

**Regarding:    In re: Estate of Angela Duffy; Case No. 12 B 11872**

For Professional Services Rendered Through June 08, 2014                Invoice #:   6279

Per Attached Description:

|  | Hours | Amount |
|---|---|---|
|  | 12.80 | $4,834.00 |

Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Micah R. Krohn | 2.70 | 425.00 | $1,147.50 |
| Zane L. Zielinski | 10.10 | 365.00 | $3,686.50 |

Disbursements:

Expenses

| Date | Description | Amount |
|---|---|---|
| 4/19/2013 | Postage. | 7.92 |
| 5/7/2013 | U.S. Bankruptcy Court charge for certified copy of Order Approving Trustee's Sale of Property Free and Clear of Liens and Interests. | 11.10 |
|  | Total Charges This Matter | 19.02 |

Joji Takada, Chapter 7 Trustee																									Page    5

Invoice Dated:   June 08, 2014

---

**Regarding:**   **In re: Estate of Angela Duffy; Case No. 12 B 11872**

For Professional Services Rendered Through June 08, 2014																						Invoice #:   6279
Per Attached Description:

|  | Amount |
|---|---:|
| Total Expenses | $19.02 |
| **Total Due: This Matter** | **$4,853.02** |

# **<u>EXHIBIT B</u>**

{TAKADA/015/00038907.DOC/}

Joji Takada, Chapter 7 Trustee                                                                Page     4

Invoice Dated:   June 08, 2014

---

**Regarding:    In re: Estate of Angela Duffy; Case No. 12 B 11872**

For Professional Services Rendered Through June 08, 2014                    Invoice #:   6279
Per Attached Description:

|  | Hours | Amount |
|---|---:|---:|
|  | 12.80 | $4,834.00 |

### Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---:|---:|---:|
| Micah R. Krohn | 2.70 | 425.00 | $1,147.50 |
| Zane L. Zielinski | 10.10 | 365.00 | $3,686.50 |

Disbursements:

Expenses

| Date | Description | Amount |
|---|---|---:|
| 4/19/2013 | Postage. | 7.92 |
| 5/7/2013 | U.S. Bankruptcy Court charge for certified copy of Order Approving Trustee's Sale of Property Free and Clear of Liens and Interests. | 11.10 |
| | Total Charges This Matter | 19.02 |